**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**JEROME EVERT GRIFFIN, SR.,**

        **Plaintiff,**

    v.                                           CASE NO. 20-3088-SAC

**J. DEXTER BURDETTE, et al.,**

## ORDER TO SHOW CAUSE

This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff, a prisoner in state custody, proceeds pro se and seeks leave to proceed in forma pauperis[1].

### Discussion

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The Court has conducted an initial review of the complaint and, for the reasons that follow, will direct plaintiff to show cause why this action should not be dismissed due to his failure to commence this action within the two-year limitation period that governs this

---

[1] Plaintiff's fee status is pending.

action.

The statute of limitations applicable to § 1983 actions is borrowed from the appropriate state statute of limitations and tolling principles. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983.... In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60-513(a)." *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).

In contrast, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id.* (internal quotation marks and citation omitted). In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted), *cert. denied* 549 U.S. 1059 (2006).

A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations that the action is barred by the statute of limitations. *Id.* at 1258-59; *see also Jones v. Bock*, 549 U.S. 199, 214 (2007); *Hawkins v. Lemons*, No. 09-3116-SAC, 2009 WL 2475130, at *2 (D. Kan. Aug. 12, 2009).

Plaintiff filed this action on March 23, 2020, seeking damages for lost wages caused by an illegal sentence. However, the materials he attaches to the complaint show that plaintiff filed his motion to correct illegal sentence in May 2013, *see* Doc. 2, p. 1; the state district court resentenced plaintiff on January 21, 2016, *see* Doc.

2-1, p. 17; and on-line records maintained by the Kansas Department of Corrections show plaintiff was released from custody on February 1, 2016. Therefore, it appears that plaintiff's claim accrued in early 2016 and his 2020 filing is far outside the two year limitation period.

Plaintiff also moves for the appointment of counsel. There is no constitutional right to the appointment of counsel in a civil matter. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). Rather, the decision whether to appoint counsel in a civil action lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The party seeking the appointment of counsel has the burden to convince the court that the claims presented have sufficient merit to warrant the appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2016)(citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the movant] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). The Court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979. In this case, because the Court has identified a possible timeliness issue, the Court declines to appoint counsel.

### Order to Show Cause

For the reasons set forth, the Court orders plaintiff to show cause on or before **April 27, 2020,** why this matter should not be dismissed due to his failure to present his claim within the two year limitation

period governing this action. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

    IT IS, THEREFORE, BY THE COURT ORDERED that on or before **April 27, 2020,** plaintiff shall show cause why this matter should not be dismissed.

    IT IS FURTHER ORDERED plaintiff's motion to appoint counsel (Doc. 4) is denied.

    **IT IS SO ORDERED.**

    DATED:  This 26th day of March, 2020, at Topeka, Kansas.

    S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge