```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**JEROME EVERT GRIFFIN, SR.,**

                **Plaintiff,**

     v.                                                 CASE NO. 20-3088-SAC

**J. DEXTER BURDETTE, et al.,**

                **Defendants.**

## ORDER OF DISISSAL

This matter is a civil rights action filed under 42 U.S.C. 1983. Plaintiff, a prisoner in state custody, proceeds pro se and in forma pauperis.

Plaintiff claims he was illegally sentenced based on fake documents. He names a state district judge, an assistant district attorney, and a pretrial investigator as defendants and seeks damages. On March 26, 2020, the Court entered an order directing plaintiff to show cause why this matter should not be dismissed because it was filed beyond the two-year limitation period. The Order to Show Cause (OSC) found that plaintiff filed a motion to correct illegal sentence in the state district court in May 2013, that he was resentenced in January 2016, and that he was released on February 1, 2016. He filed the present action on March 23, 2020, more than four years after his release.

Plaintiff filed a timely response, in which he appears to claim that he was unable to obtain the materials he needed to advance his case and that he preferred to wait until he completed his term of supervised release before commencing the civil action. He cites a Kansas statutory provision which provides that a civil action for

injury to the rights of another:

> …shall not be deemed to have accrued until the act giving rise to the cause of action first causes substantial injury, or, if the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party, but in no shall an action be commenced more than 10 years beyond the time of the act giving rise to the cause of action.

Kan. Stat. Ann. 60-513(b).

The Court has carefully considered the plaintiff's response but finds no reason to allow this matter to continue. First, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id.* (internal quotation marks and citation omitted). In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted), *cert. denied* 549 U.S. 1059 (2006).

The materials submitted by plaintiff show that he hired an attorney to assist him in the state district court in early 2015, and that he obtained his release in early 2016. He has submitted documents that show he sought state court records[1] in March 2019, and was told that the specific material he requested could not be located.

While plaintiff contends that the limitation period should begin to run in 2019, the record suggests that he was aware of the grounds supporting his claim for relief no later than January 2016, when the

---

[1] Plaintiff requested a copy of a presentence investigation report from his 2008 criminal case from the state district court in March 2019. The reply stated that no report was found. (Doc. 7, pp. 5-6.)

state district court ruled in his favor. Plaintiff does not explain how the information that the material he requested in 2008 could not be located made him aware of his cause of action. The Court therefore finds that plaintiff did not file this civil action within the governing two-year limitation period and concludes this matter must be dismissed.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed as time-barred, and plaintiff's response to the order to show cause, captioned as a motion for reconsideration (Doc. 7), is denied.

**IT IS SO ORDERED.**

DATED:  This 15th day of May, 2020, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge